UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C.A. NO.: 1:25-CV- 1 2 9 8 4

| | |
|---|---|
| STERLING ROBINSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF NEW BEDFORD, | ) |
| NATHANIEL ALMEIDA AND TIMOTHY | ) |
| SOARES, | ) |
|     Defendants. | ) |

## INTRODUCTION

1.     This is an action by Sterling Robinson ("Plaintiff") against the City of New Bedford, New Bedford Police Nathaniel Almeida ("Almeida"), and Timothy Soares ("Soares") arising out of the destruction of evidence, deprivation of constitutional rights, and resulting injuries Mr. Robinson sustained as a result of the destruction of evidence in a criminal proceeding against the Plaintiff.  The action seeks damages under the common law theories of negligence (Count I), negligent training/supervision (Count II), negligent infliction of emotional distress (Count III), intentional infliction of emotional distress (Count IV), the Massachusetts Civil Rights Act, M.G.L. ch. 12, secs. 11H and 11I (Count V) and, 42 U.S.C. sec. 1983 (Count VI).

## PARTIES

2.     Plaintiff, Sterling Robinson ("Plaintiff"), is an individual who resides in New Bedford, Bristol County, Massachusetts.

3.      Defendant City of New Bedford ("the City") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business in New Bedford, Bristol County, Massachusetts.

4.      The New Bedford Police Department ("NBPD") is an agency within the City, with an office and principal place of business in New Bedford, Bristol County, Massachusetts.

5.      Defendant Nathaniel Almeida ("Almeida") is an individual residing within the Commonwealth of Massachusetts.  Almeida is a party to this lawsuit individually and in his official capacity as Chief of the NBPD.

6.      Defendant Timothy Soares ("Soares") is an individual residing within the Commonwealth of Massachusetts.  Goncalo is a party to this lawsuit individually and in his official capacity as an officer of the NBPD.

## FACTUAL ALLEGATIONS

7.      On September 8, 2021, Plaintiff was stopped by New Bedford police officers in New Bedford, MA.  Plaintiff was the sole occupant and the operator of the vehicle in which he was driving.

8.   When the Plaintiff was pulled over, he was seated in the driver's seat of the vehicle and had his cell phone out, poining in the direction of the approaching officers, recording the interaction.

9.   The Plaintiff told the officers he was recording the interaction.

10.  The Plaintiff told the officers that the civil infraction for which he was supposedly stopped was only a citable offense.  However, the officers did not release the Plaintiff with a citation.

11.  The officers claimed the Plaintiff became agitated and annoyed.  The officers then

2

ordered the Plaintiff out of his vehicle.

12. When the Plaintiff exited his vehicle, Almeida and Soares seized the Plaintiff's cell phone. Both Almeida and Soares were aware the Plaintiff was recording the encounter. Both Almeida and Soares were aware that the recording on the Plaintiff' cell phone would demonstrate that (i) there was no constitutional basis to order the Plaintiff out of his vehicle, (ii) there was no constitutional basis to conduct a pat-frisk of the Plaintiff, and (iii) there was no basis to search the Plaintiff's vehicle.

13. A warrantless and non-consensual search of Plaintiff's vehicle was then conducted. The search resulted in the recovery of marijuana and a firearm.

14. The Plaintiff was then charged in the New Bedford District Court in Complaint 2133 CR 003566.

15. Plaintiff filed a motion to suppress based on the warrantless search and seizure in 2133 CR 003566. The motion to suppress was denied by decision dated 8/14/23.

16. Thereafter, the Plaintiff filed a motion to dismiss based on loss or destruction of evidence. A hearing was held on the motion to dismiss over multiple days. During the hearing, the following pertinent evidence was received:

      i.      Almeida admitted he took the Plaintiff's phone and gave it to Soares at the police station. Almeida stated it would be practice to keep the phone charged so it could be later accessed.

      ii.     Soares stated he placed the phone in is desk and did not plug it in. Soares stated he intended to get a search warrant for the phone but did not do so.

      iii.    Attorney Anthony Clune ("Clune"), who represented the Plaintiff in the 2133 CR 003566 at the initial stages of the case, filed a motion seeking

return of the Plaintiff's phone. The motion was allowed in early November, 2021, but Soares did not cooperated wih Clune's efforts to retrevie the phone under February 4, 2022.

iv.    Attorney Clune access the phone and did not locate the Plaintiff's recorded encounter with Almeida and Soares.

v.    Attorney Clune then retained Steven Verroneau ("Verroneau") a forensic cell phone expert to examine the Plaintiff's cell phone.

vi.    Verroneau examined the phone and determined the camera application on the Plaintiff's phone was open between 1:01 p.m. and 1:08 p.m. on 9/8/21.

vii.    Verroneau further concluded the Plaintiff's phone was opened again on 9/8/21 at 1:09 pm., and on October 11, 2021, at 8:28 p.m.

17. The Plaintiff's phone was in the possession of the New Bedford Police, Almeida and Soares from the time 9/8/21 through the time Clune retrieved the Plaintiff's phone on 2/4/22.

18. After hearing on the Plaintiff's motion to dismiss based on loss or destroyed evidence, the district court judge found the deleted image was a recording of the encounter between the Plaintiff and the police on 9/8/21. However, the district court judge stated "I do not find that the defendant has established that the destruction of the image was intentional rather than reckless or negligent conduct." The decision was dated 1/26/24.

19. As a result of the actions of the police in destroying the relevant evidence of the interaction, the Plaintiff was unduly prejudiced in the litigation of his motion to suppress.

20. As a result of the actions of the police in destroying relevant evidence of the interaction, the Plaintiff was deprived of essential, relevant, and admissible to produce at a trial of the criminal charges in 2133 CR 003566.

21.  As a direct result of the destruction of the evidence, the Plaintiff was compelled to enter into a plea in 2133 CR 003566.  The plea was to a reduced firearm charge, which did not subject the Plaintiff to a mandatory minimum period of incarceration, and to a drug charge, which did not subject the Plaintiff to a mandatory minimum period of incarceration.

22.  The destruction of evidence compelled the Plaintiff to waive his statutory and constitutional rights, including the right to a jury trial, in 2133 CR 003566.

23.  The plea in 2133 CR 003566 subjected the Plaintiff to a period of probation, a violation of which exposed the Plaintiff to a period of incarceration.

24.  The Plaintiff was subsquently found in violation of his probation in 2133 CR 003566 and committed to the house of corrections.

25.  The Plaintiff has complied with all jurisdictional requisited to file the instant claim.  A timely notice of claim, pursuant to M.G.L. ch. 258, sec. 4, was sent to the then Mayor of the City of New Bedford and then Police Chief of the City of New Bedford.  The Defendants have not responded to the notice of claim.

## LEGAL CLAIMS

### COUNT I – NEGLIGENCE

**(STERLING ROBINSON V. CITY OF NEW BEDFORD, NATHANIEL ALMEIDA AND TIMOTHY SOARES)**

26.  Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-25 above.

27.  The City, the NBPD, Almeida and Soares owed Plaintiff a duty of reasonable care in the exercise of their duties.

5

28.     The duties of the City, the NBPD, Almeida and Soares included, but are not limited to: (i) ensuring the state and constitutional rights of indivuals, including the Plaintiff, are protected and not violated, (ii) properly collecting, maintaining and preserving evidence, (iii) testifing truthfully in criminal proceedings, and (iv) ensuring police reports and applications for criminal complaints are made in good faith and supported by truthful facts.

29.     The City, the NBPD, Almeida and Soares breached their duty of care owed to Plaintiff (i) in violating the Plaintiff's state and constitutional rights to a fair trial, (ii) violating the Plaintiff's state and constitutional rights by destroying evidence, (iii) violating the Plaintiff's state and constitutional rights by presenting false testimony at Plaintiff's hearings on his motion to suppress and motion to dismiss, (iv) failing to properly maintain and preserve evidence, and (v) filing false police reports.

30.     Soares had been previously been found by the NBPD for failure to follow NBPD policies, procedures and protocols.

31.     Almeida had previously been found by the NPBD for failure to follow NBPD policies, procedures and protocols.

32.     As a direct and foreseeable consequence thereof, Robinson has suffered loss of income and employment benefits, deprivation of his liberty, restraint on his liberty, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – NEGLIGENT TRAINING/SUPERVISION
### (STERLING ROBINSON V. CITY OF NEW BEDFORD)

33.     Robinson hereby realleges and incorporates by reference the averments of paragraphs 1-32 above.

34.     The City and the NBPD has a duty to reasonably and properly train and supervise Almeida and Soares in the performance of their duties.

35.     The City and the NBPD negligently trained and or supervised Almeida and Soares in the performance of their duties, and in particular, (i) the preservation and maintence of evidence, (ii) following policies, and procedures of the NBPD in the collection and preservation of evidence.  This included, but was not limited to: (i) not properly ensuing chain of custody logs were kept with respect to the Plaintiff's phone, (ii) not having a supervising officer monitor and oversee the preservation and storage of the Plaintiff's phone, (iii) not conducting an immediate inquiry into the collection, preservation, and maintenance of the Plaintiff's phone when it was not recorded in evidence on the Vehicle Inventory Report.

36.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, deprivation of liberty, restraint on his liberty, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (STERLING ROBINSON V. CITY OF NEW BEDFORD, NATHANIEL ALMEIDA AND TIMOTHY SOARES)

37.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-36 above.

38.    The Defendants knew or should have known that their conduct was likely to result in loss of liberty, restraint on liberty, and the resulting emotional distress,

39.    The Defendants conduct was extreme and outrageous and shocking to the conscience.

40.    The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

41.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (STERLING ROBINSON V. CITY OF NEW BEDFORD, NATHANIEL ALMEIDA, AND TIMOTHY SOARES)

42.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-41 above.

43.    The Defendants knew or should have known that their conduct was likely to result in emotional distress.

44.    The Defendants conduct was extreme and outrageous and schocking to the conscience.

45.    The Defendants' conduct caused Plaintiff loss of liberty, restraint on his liberty, and emotional distress of the nature and severity that no reasonable person could be expected to endure.

46.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**COUNT V - MCRA - M.G.L. CH. 12, secs. 11H and 11I**
**(STERLING ROBINSON V. CITY OF NEW BEDFORD, NATHANIEL ALMEIDA, AND TIMOTHY SOARES)**

47.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-46 above.

48.     As it relates to the Defendants' actions, the Defendants interfered with, or attempted to intefere with, Plaintiff's enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth of Massachusetts.   This includes (i) the right to a speedy trial, (ii) the right to a fair trial, (iii) the right to be provided with all proofs and evidence against you, (iv) the right to be free from unlawful search and seizure, (v) the right to have evidence seized from you properly preserved and maintained, (vi) the right to have evidence against you not altered or destroyed, (vii) the right to due process, and (viii) the right to compliance with the Massachusetts Rules of Criminal Procedure.

49.     The Defendants' interferred or attempted to interfer with the Plaintiff's exercise of those rights by (i) destroying evidence on the Plaintiff's phone, (ii) delaying the return of the Plaintiff's phone to his attorney, (iii) failing to properly preserve and maintain evidence collected, (iv) providing false testimony at court hearings, and (v) authoring, approving, and filing a false police report against the Plaintiff.  The Defendants' actions constitute threats, intimidation, or coercion.

50.     The conduct of the Defendants caused the Plaintiff to be deprived of his personal liberty and to be unjustly and wrongly incarcerated.

51.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VI – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983

### (STERLING ROBINSON V. CITY OF NEW BEDFORD, NATHANIEL ALMEIDA AND TIMOTHY SOARES)

52.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-51 above.

53.    The City, the NBPD, Almeida and Soares were acting under color of law at all times relevant during (i) the warrantless search and seizure of the Plaintiff, (ii) the warrantless search and seizure of the Plaintiff's phone, (iii)  failure to properly preserve evidence, the (iv) the destruction of evidence on the Plaintiff's phone, (v) by providing false testimony in the Plaintiff's hearings on the Plaintiff's motion to suppress and motion to dismiss, and (vi) by filng false police reports.

54.    The conduct of Defendant City, the NBPD, Almeida and Soares deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts.

55.    The conduct of the Defendants with respected to the Plaintiff is conduct that was extreme, outrageous, and shocking to the conscience.

56.    The actions of Defendants Almeida and Soares were done in accordance with a custom or policy of the City and or the NBPD.

57.    In (i) destroying evidence on the Plaintiff's phone, (ii) failing to prevent the

destruction of evidence on the Plaintiff's phone (iii) filing of a false police reports against the Plaintiff, (iv) providing false testimony against the Plaintiff, and (v) the initiation of criminal proceedings against the Plaintiff, the Defendants disregarded a known or obvious consequence of their actions, and engaged in conduct the shocked the conscience.

58.     The City and NBPD inadequately and or negligently trained and or supervised Defendants Almeida and Soares and the presevation and maintence of evidence, and the decisions of the City and the NBPD in that regard were deliberate and or conscious.

59.     The actions of the Defendants the City, Almeida and Soares, as well as the NBPD, violated Plaintiff's rights (i) under the 4th Amendment of the United States Constitution and the Massachusetts Declaration of Rights, in that they constituted, among other things, destruction of evience, (ii) violated the Plaintiff rights to a speedy trial, (iii) violated the Plaintiff's rights to a fair trial, (iv) violated the Plaintiff's due process righsts, all as guaranteed by the U.S. Constitution and the Massachusetts Declaration of Rights.

60.     The actions of the Defendants violated Plaintiff's rights to substantive due process and procecdural due process.

61.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, deprivation of liberty, restaint of his liberty, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

STERLING ROBINSON, Plaintiff
By his attorneys,

James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: 10/10/25