UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING ROBINSON,<br>     Plaintiff,<br><br>v.<br><br>CITY OF NEW BEDFORD, NATHANIEL<br>ALMEIDA, and TIMOTHY SOARES,<br>     Defendants. | C.A. NO. 1:25-cv-12984-RGS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I.     INTRODUCTION

This matter arises from the arrest of Sterling Robinson ("Mr. Robinson") by officers of the

New Bedford Police Department ("NBPD").  On September 8, 2021, Officer Nathaniel Almeida

("Officer Almeida") and Officer Timothy Soares ("Officer Soares"), both officers with the  NBPD,

arrested Mr. Robinson following a traffic stop in which a firearm and marijuana were recovered.

Complaint, ¶¶ 5-7, 13.  Mr. Robinson subsequently pleaded guilty to firearms and drug charges in

the New Bedford District Court on or about February 23, 2024.  Despite having knowledge of his

potential claims long before his guilty plea, Mr. Robinson now seeks to recover against the City

of New Bedford (the "City"), Officer Almeida, and Officer Soares (collectively, the "Defendants")

under 42 U.S.C. § 1983 and a myriad of state-law tort claims arising from the September 8, 2021

traffic stop.  Specifically, Mr. Robinson asserts the following claims against the Defendants:

| | |
|---|---|
| Count I | Negligence vs. All Defendants |
| Count II | Negligent Training/Supervision vs. City of New Bedford |
| Count III | Negligent Infliction of Emotional Distress vs. All Defendants |

Count IV      Intentional Infliction of Emotional Distress vs. All Defendants[1]
Count V       Massachusetts Civil Rights Act, G.L. c. 12, §§ 11H, 11I vs. All Defendants
Count VI     42 U.S.C. § 1983 vs. All Defendants

Mr. Robinson filed his Complaint on October 13, 2025.  ECF Doc. No. 1.  As discussed further herein, Mr. Robinson's claims are barred by the statute of limitations; and several of his claims are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Mr. Robinson's Complaint should be dismissed.

## II.     PLAINTIFF'S FACTUAL ALLEGATIONS[2]

On September 8, 2021, Officer Soares and Officer Almeida of the NBPD initiated a traffic stop.  Complaint, ¶ 7.  Mr. Robinson was the sole occupant and operator of the vehicle.  *Id.*  Mr. Robinson recorded the traffic stop on his cellular phone and informed officers that he was doing so.  *Id*. ¶¶ 8-9.  Mr. Robinson alleges that the officers "claimed that [he] became agitated and annoyed" and that the officers ordered him out of his vehicle.  *Id.* ¶ 11.  Upon exiting his vehicle, officers seized Mr. Robinson's cell phone.  *Id.* ¶ 12.  Mr. Robinson alleges that the officers were aware that he was recording the encounter, and that the recording would demonstrate that there was no constitutional basis for the exit order, nor a basis to conduct a pat frisk or search of the vehicle.  *Id.*  In other words, Mr. Robinson alleges that the video of the encounter was exculpatory.  A search of Mr. Robinson's vehicle resulted in the recovery of marijuana and a firearm.  Id. ¶ 13.

Mr. Robinson was charged in the New Bedford District Court.  *Id.* ¶14.  Mr. Robinson moved to suppress evidence recovered in the NBPD's search of his vehicle, contending it was the

---

[1] This count appears to be duplicative of Count III, but elsewhere in Mr. Robinson's Complaint he refers to this count as asserting a claim of Intentional Infliction of Emotional Distress.

[2] The Defendants dispute many of the allegations contained in Mr. Robinson's complaint.  Such allegations, however, are taken as true for the purposes of the instant motion.  *See Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013).

fruit of an unlawful warrantless search. Complaint, ¶ 15. The Court denied Mr. Robinson's Motion to Suppress on August 14, 2023. *See* Order on Motion to Suppress, attached hereto as <u>Exhibit A</u>.[3]

Thereafter, Mr. Robinson filed a motion to dismiss based upon the alleged loss or destruction of evidence. Complaint, ¶ 16. Mr. Robinson's attorney also filed a motion to retrieve Mr. Robinson's phone. *Id.* ¶ 16(iii). Mr. Robinson alleges that Officer Soares did not cooperate with these efforts until February 4, 2022, at which point the phone was returned. *Id.* Upon accessing the phone, Mr. Robinson was unable to locate his recording of the traffic stop. *Id.* ¶ 16(iv). Mr. Robinson's criminal defense attorney retained a forensic cell phone expert, who examined the phone and opined that Mr. Robinson's phone was open while it was in the possession of the NBPD. *Id.* ¶¶ 16(vi, vii), 17. The New Bedford District Court ultimately denied Mr. Robinson's Motion to Dismiss, finding that the deleted image was a recording of the encounter between Mr. Robinson and the NBPD on September 8, 2021, but concluding that Mr. Robinson failed to establish that the destruction of the image was intentional rather than reckless or negligent conduct. *Id.* ¶ 18. *See* Order on Motion to Dismiss, attached hereto as <u>Exhibit B</u>.[4] As a result of the alleged actions of the NBPD, Mr. Robinson pleaded guilty, and the charges were reduced to a firearms charge. Complaint, ¶ 21. As alleged, the reduced plea did not subject Mr. Robinson to a

---

[3] The Court may consider <u>Exhibit A</u> in ruling on the Defendants' Motion to Dismiss without converting the instant motion to one for summary judgment under Rule 56, because Mr. Robinson clearly had notice of these documents and, presumably, relied upon same in the framing of his Complaint. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (and cases cited); *Rodi v. S. New England Sch. Of L.,* 389 F.3d 5, 12 (1st Cir. 2004), *citing In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (court may consider items susceptible to judicial notice).

[4] The Court can likewise consider <u>Exhibit B</u>. *See Perrone v. City of Easthampton*, 791 F. Supp. 3d 186, 193 (D. Mass. 2025) (and cases cited) (noting that when a plaintiff is tactically selective in pleading the public record and documents incorporated into a complaint, the court "is not bound to ignore the complete scope or contents of these documents in favor of an incomplete narrative set forth in the four corners of the complaint").

mandatory minimum period of incarceration, however Mr. Robinson subsequently violated his probation and was committed to the house of corrections. *Id.* ¶¶ 22-24.

As alleged by Mr. Robinson, he sought the dismissal of the charges against him based on the NBPD's alleged destruction of evidence—namely—cell phone footage of the traffic stop. In so doing, Mr. Robinson's counsel retained a forensic cell phone expert, Steven Verroneau, to examine Mr. Robinson's cell phone. *Id.* ¶ 16(v). In denying Mr. Robinson's Motion to Dismiss, the Court qualified Mr. Verronneau as an expert witness. *See* Ex. B at p. 2. Notably, records produced in Mr. Robinson's criminal case, including Mr. Verronneau's preliminary report, *see* Preliminary Forensic Report, attached hereto as <u>Exhibit C</u>[5], indicates that Mr. Verronneau issued his preliminary report on June 8, 2022. *Id.* The Court denied Mr. Robinson's Motion to Dismiss on January 26, 2024. Mr. Robinson does not allege that he appealed from his plea, nor that his plea was subsequently overturned or nullified.

## III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a pleading. To survive a Rule 12(b)(6) motion, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986). *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (court should ignore statements "that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). In other words, a

---

[5] The Court may consider <u>Exhibit C</u> without converting Defendants' Motion to Dismiss to a Motion for Summary Judgment because Mr. Robinson had notice of his own expert's report, and because the authenticity of the report is not disputed by the parties. *See Watterson*, 987 F.2d at 3. The document is also central to Mr. Robinson's claim that the NBPD deleted footage of the traffic stop from his cell phone. *Id*.

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021), *quoting Twombly*, 550 U.S. at 555. A mere "possibility of misconduct" is not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See Hamann v. Carpenter*, 937 F.3d 86, 90 (1st Cir. 2019) (conclusory allegations of ill will and spite held insufficient to cross plausibility threshold). "Well-pleaded facts must be non-conclusory and non-speculative." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (internal quotation omitted). Although the Court's review is typically limited to the four corners of the pleading, the Court "may [also] consider implications from documents attached to or fairly incorporated into the complaint," *Barchock*, 886 F.3d at 48, as well as "matters of public record, and other matters susceptible to judicial notice[.]" *Newton Covenant Church v. Great Am. Ins. Co.*, 956 F.3d 32, 35 (1st Cir. 2020).

## IV.    ARGUMENT

### A.  <u>Mr. Robinson's Complaint is Barred by the Applicable Statutes of Limitations</u>.

Mr. Robinson's Complaint should be dismissed because he failed to timely file his Complaint with the applicable statutes of limitations.

"Section 1983 does not contain a built-in statute of limitations." *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001), *quoting McIntosh v. Antonino*, 71 F.3d 29, 33 (1st Cir.1995). A Federal Court adjudicating a claim under Section 1983 must therefore borrow the forum state's limitations period for personal injury actions. *See Alamo-Hornedo v. Puig,* 745 F.3d 578, 580 (1st Cir. 2014). "In Massachusetts, the limitations period for personal injury and civil rights claims is three years." *Cavitt v. Massachusetts Dep't of Corr.*, 532 F. Supp. 3d 22, 24 (D. Mass. 2021), *citing* G.L. c. 260, § 2A; G.L. c. 258, § 4. Although Section 1983 borrows its statute of limitations period from state law, the accrual date for such actions is measured under federal law. *See Alamo-*

*Hornedo*, 745 F.3d at 581.  Under federal law, Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt."[6]  *See Gorelik v. Costin,* 605 F.3d 118, 122 (1st Cir. 2010*), quoting Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008) (additional citation omitted).  In other words, a cause of action under Section 1983 accrues when the plaintiff is on inquiry notice of his or her injury.  *See Marrapese v. State of R.I.*, 749 F.2d 934, 943 (1st Cir. 1984).

Importantly, "[a]ctual knowledge of facts to establish every element of a claim is not required for the statute of limitations to begin running."    *Coll. Hill Props., LLC v. City of Worcester*, 135 F. Supp. 3d 10, 16 (D. Mass. 2015), *aff'd,* 821 F.3d 193 (1st Cir. 2016), *citing Salcedo v. Town of Dudley*, 629 F. Supp. 2d 86, 97 (D. Mass. 2009).  Nor does a plaintiff need to be aware of any discriminatory animus at the time of the injury for the statute of limitations to begin running.  *See Marrero-Gutierrez v. Molina*, 491 F.3d 1, 6 (1st Cir. 2007) (holding, based on clear precedent, that statute of limitations began to accrue at the first discreet act of discrimination and finding no merit to claim that statute of limitations should be tolled until plaintiff learned of discriminatory motive). A motion to dismiss based on the statute of limitations may be granted where the plaintiff's allegations "leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998)

Mr. Robinson's claims are barred by the three-year statute of limitations under 42 U.S.C. § 1983. As set forth in Mr. Robinson's Complaint, the traffic stop occurred on September 8, 2021.

---

[6] Actual knowledge of facts to establish each claim of a 1983 action is not required for the statute of limitations to begin running.  *See Salcedo v. Town of Dudley*, 629 F. Supp. 2d 86, 97 (D. Mass. 2009).

Complaint, ¶ 7.  During this stop, Mr. Robinson claims that the officers seized his cell phone without a warrant *Id.* ¶¶ 12, 53.  Mr. Robinson further alleges that a warrantless search of his vehicle was conducted on the same date which resulted in the recovery of marijuana and a firearm. *Id.* ¶ 13.  Therefore, the statute of limitations on Mr. Robinson's claims under 42 U.S.C. § 1983 began to run on September 9, 2021.  *See Pot v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003) (applying Mass. R. Civ. P. 6(a) to determine accrual date under 42 U.S.C. § 1983).  Accordingly, Mr. Robinson had until September 8, 2024, to file the instant action.  *Silva v. City of New Bedford*, 602 F. Supp. 3d 186, 192 (D. Mass. 2022) (concluding Section 1983 claim arising from search and traffic stop was time-barred if not tolled where complaint was mailed, but not received by Court until five days after her claims expired).  Mr. Robinson filed the instant Complaint on October 12, 2025, more than a year after his claims under 42 U.S.C. § 1983 expired.  Therefore, insofar as his claims are based on the traffic stop including but not limited to the search, seizure, and/or exit order, his claims should be dismissed as untimely.[7]

Mr. Robinson will likely argue that the statute of limitations should be tolled because he did not know the extent of his injury until after the traffic stop.  This argument only gets Mr. Robinson so far.  As an initial matter, the First Circuit has instructed that a "reasonably prudent person similarly situated" standard applies in determining whether the facts necessary for a Section 1983 plaintiff are or should be apparent.  *Ouellette v. Beaupre*, 977 F.3d 127, 137 (1st Cir. 2020).

---

[7] Mr. Robinson's Complaint includes language appearing to invoke the due process clause.  *See* Complaint, ¶ 55.  Mr. Robinson's sparsely pled due process claim is not actionable, however, because his claims are controlled in all respects under the Fourth Amendment.  The First Circuit has held that the "[s]ubstantive due process is an inappropriate avenue of relief when the governmental conduct at issue is covered by a specific constitutional provision."  *Pagan v. Calderon*, 448 F.3d 16, 33 (1st Cir. 2006).  Since Mr. Robinson's claims arise under the Fourth Amendment, the Defendants will not separately address his claims under the Substantive Due Process Clause.

"The frame of reference for evaluating what a reasonable plaintiff should have known or discovered is an objective one." *Donahue v. United States*, 634 F.3d 615, 624 (1st Cir. 2011). Under this inquiry, two sets of facts are relevant: (1) generally available information about the relevant facts, and (2) the likely results of further inquiry. *Oullette*, 977 F.3d at 137, *quoting Donahue,* 634 F.3d at 624.

The general information available to Mr. Robinson as of September 8, 2021, as alleged in his complaint[8], was that two officers stopped his vehicle, seized his phone, and conducted a warrantless, non-consensual search of the vehicle, during which officers located a firearm. Criminal charges were brought against Mr. Robinson shortly thereafter. Complaint ¶¶ 12-14. Plaintiff's own allegations indicate that he filed a motion to suppress based on the warrantless search and seizure. *Id.* ¶ 15. These allegations readily demonstrate that Mr. Robinson had general information available to him that an alleged Fourth Amendment violation had been committed. Even if the Court were to conclude this general knowledge insufficient for accrual of Mr. Robinson's claims, this general knowledge is more than sufficient to impose upon Mr. Robinson a duty to inquire. *See Oullette*, 977 F.3d at 137, *quoting Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (and cases cited). *See also Perry v. Town of Reading*, No. 21-CV-11367-AK, 2022 WL 2208958, at *4 (D. Mass. June 21, 2022) (claim of unlawful search generally accrues on the date on which the search occurred).

Here, the record in Mr. Robinson's criminal case indicates that he did so inquire, by hiring Mr. Verronneau to conduct a forensic analysis of his cell phone. Mr. Verroneau's preliminary report was issued on June 8, 2022. Ex. C. Further, Mr. Robinson's own allegations also indicate

---

[8] As noted above, the Defendants do not concede these allegations.

that he filed a motion to recover his cell phone, which was allowed in November 2021, but that he did not receive his cell phone back until February 4, 2022. Assuming the truth of all of Mr. Robinson's allegations and Mr. Robinson's own expert's report, Mr. Robinson's claims are still barred by the statute of limitations. Even if Mr. Robinson were to successfully argue that the statute of limitations should run from the time he discovered the cell phone footage was missing, his claims would accrue either on February 4, 2022 (when he received his phone from the NBPD), or (at latest) on June 8, 2022 (when his expert issued his preliminary report). Therefore, the statute of limitations would have expired as of February 4, 2025 or June 8, 2025. Mr. Robinson did not file the instant Complaint until October 12, 2025, well after both of those dates. Therefore, his claims are time-barred.

Lastly, this Court has noted that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." *Holder v. Bos. Police Dep't*, No. CV 20-10656-RGS, 2020 WL 2747855, at *2 (D. Mass. May 27, 2020) (Stearns, J.), *quoting Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). Therefore, there is no merit to Mr. Robinson's anticipated argument that the statute of limitations should run from the date of the Court's decision on his Motion to Suppress and/or his Motion to Dismiss. *See Gorelik,* 605 F.3d at 122. Nor do any of the traditional rules for tolling assist Mr. Robinson. *See generally Holder*, *supra* at *2-3 (discussing equitable tolling, the continuing violation doctrine, and tolling under G.L. c. 260, § 12). Again, Mr. Robinson's counsel regained possession of his phone on February 4, 2022. Complaint, ¶ 17. Nothing prevented Mr. Robinson from filing suit within three years from that date. Mr. Robinson's claims under 42 U.S.C. § 1983 are untimely and should be dismissed.

For essentially the same reasons, Mr. Robinson's claims under the Massachusetts Civil Rights Act should be dismissed as untimely. "[Mr. Robinson's] Massachusetts Civil Rights Act

claim also has a three-year statute of limitations." *Tedeschi v. Reardon*, 5 F. Supp. 2d 40, 44 n. 12 (D. Mass. 1998) (Stearns, J.) (citing G.L. c. 260, § 5B). As with Mr. Robinson's Section 1983 claims,

> [t]he MCRA statute of limitation begins running once a plaintiff knows or has reason to know of the alleged wrongful acts. A plaintiff need not know the extent or severity of the harm suffered. To start the limitations period a plaintiff need only have knowledge of all the facts necessary to make out his civil rights claim.

*Arsenault v. Otto*, 628 F. Supp. 3d 377, 380 (D. Mass. 2022). Although the MCRA similarly provides for tolling under the discovery rule, the discovery rule does not advance Mr. Robinson's claims here, because his own allegations demonstrate that his criminal defense attorney retrieved his phone on February 4, 2022, and his own criminal defense-hired forensic expert issued his report (which indicated that footage had been deleted) on June 8, 2022. Complaint, ¶ 14, Ex. C. Under either date, Mr. Robinson's MCRA claim is time-barred, and should be dismissed.[9]

Lastly, Mr. Robinson's common law claims alleging negligence, negligent training and supervision, and negligent infliction of emotional distress, are likewise barred under the statute of limitations for negligence actions in Massachusetts. As Mr. Robinson seeks to recover as against a public employer—New Bedford—Mr. Robinson's claims are controlled by the Massachusetts Tort Claims Act, which also has a three-year limitations period. *See G-N v. City of Northampton, 60 F. Supp. 3d 267, 268 (D. Mass. 2014), citing* G.L. c. 258, § 4 (noting three-year statute of

---

[9] Mr. Robinson's MCRA claim against the City should be dismissed for the independent reason that the City is not a "Person" under the Act. G.L. c. 12, §§ 11H (authorizing a claim against "a person or persons"). *See Kelley v. LaForce*, 288 F.3d 1, 11 (1st Cir. 2002)*, citing Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573 (2001). *See Hankey v. Town of Concord-Carlisle*, 136 F. Supp. 3d 52, 76 (D. Mass. 2015), *McCarthy v. Szostkiewicz*, 188 F. Supp. 2d 64, 71 (D. Mass. 2002) (Ponsor, J.) (MCRA claim cannot be brought against a municipality because it is not a person). Further, insofar as Mr. Robinson's MCRA claim is predicated on a direct violation of his rights, a direction deprivation is not actionable under the MCRA. *Nolan v. CN8*, 656 F.3d 71, 77 (1st Cir. 2011).

limitations). Accordingly, Mr. Robinson's claims are barred for the same reasons discussed above. And, assuming Mr. Robinson intended to assert claims against Nathaniel Almeida and Timothy Soares in their personal capacity[10], the three-year statute of limitations for personal injury actions under G.L. c. 260, § 2A applies and acts to bar Mr. Robinson's claims for the same reason.

## B. Even if Deemed Timely, Mr. Robinson's Claims are Barred Under *Heck v. Humphrey*.

In *Heck v. Humphrey*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Heck therefore "prohibits a person with an outstanding criminal conviction from bringing a civil suit where 'a judgment in favor of the plaintiff [in the civil case] would necessarily imply the invalidity of his conviction or sentence[.]'" *Crooker v. Burns*, 544 F. Supp. 2d 59, 61–62 (D. Mass. 2008), *quoting Heck, supra* at 487. "This 'Heck bar' prevents collateral attack on a criminal conviction through a civil suit for damages, promoting consistency between civil and criminal determinations and the finality of criminal appeals." *Crooker*, 544 F. Supp 2d at 62. Hence, absent a showing that the conviction or sentence has been invalidated, a plaintiff may not bring a Section 1983 claim that would require him to prove the unlawfulness of his conviction or confinement. *Cabot v. Lewis*, 241 F. Supp. 3d 239, 248 (D. Mass. 2017). The First Circuit has held that *Heck* applies even where the plaintiff is not

---

[10] A point the Defendants do not concede. *See Doyle v. City of Quincy*, 104 Mass. App. Ct. 761, 765 (2024) (noting requirement that plaintiff plausibly allege that defendants were acting outside of the scope of their employment).

in custody and therefore cannot obtain habeas relief. *See Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). Another session of this Court has also concluded that "[a] straightforward plea of guilty to a criminal charge would obviously fall within [*Heck's*] scope." *Cabot*, 241 F. Supp. 3d at 250.

 "Because the analysis under Heck turns on the nature of the claims asserted [. . .] each of plaintiff's claims will be addressed in turn. *Cabot*, 241 F. Supp. 3d at 248*, citing Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006). Mr. Robinson's Section 1983 claim (Count VI) focuses on six distinct alleged acts or omissions of the NBPD, including "(i) the warrantless search and seizure of the Plaintiff, (ii) the warrantless search and seizure of the Plaintiff's phone, (iii) failure to properly preserve evidence, (iv) the destruction of evidence on the Plaintiff's phone, (v) by providing false testimony in the Plaintiff's hearings on the Plaintiff's motion to suppress and motion to dismiss, and (vi) by filing false police reports." Complaint ¶ 53. As discussed further herein, all facets of Mr. Robinson's Section 1983 claim, even if timely, are barred under *Heck*.

First, the mere fact that Mr. Robinson pleaded guilty and was thereafter subject to probation, *see* Complaint ¶¶ 21, 23, does not remove this case from *Heck's* ambit. This Court, and multiple Judges in this District have held that an acceptance of probation does not diminish *Heck's* applicability. *Cardoso v. City of Brockton*, 62 F. Supp. 3d 185, 187 (D. Mass. 2015) (Stearns, J.). *See Cabot*, 241 F. Supp. at 254; *Kennedy v. Town of Billerica*, No. CIV.A. 10-11457-GAO, 2014 WL 4926348, at *3 (D. Mass. Sept. 30, 2014) (acceptance of probation held inconsistent with claim that plaintiff's arrest lacked probable cause under *Heck*).

More centrally, however, all of Mr. Robinson's theories would necessarily imply the invalidity of his guilty plea, which has not been overturned or expunged. As to Mr. Robinson's claims under the Fourth Amendment for the alleged warrantless searches of his person, phone, and vehicle  all are barred under *Heck*. Mr. Robinson pleaded guilty, and as per his own allegations,

the plea was reduced to a firearms charge. "The question thus becomes whether a finding that the individual Defendants search of [Mr. Robinson's person and vehicle] was unlawful would "necessarily imply" that his conviction for [firearms charges] was invalid." *Mangual v. City of Worcester*, 285 F. Supp. 3d 465, 471–72 (D. Mass. 2018). As the Court answered in *Mangual*, the answer to that question is a resounding affirmative here. *Id.* (concluding a finding that the search was unlawful would invalidate plaintiff's conviction and was therefore barred by *Heck*). *See Fairbanks v. O'Hagan,* 255 F. Supp. 3d 239, 244 (D. Mass. 2017) (claim that revolver and rifle were illegally seized barred under *Heck*).

Furthermore, "[w]hile it is true that alleged Fourth Amendment violations do not necessarily imply the invalidity of a conviction or sentence," *Perry,* 2022 WL 2208958, at *5, Mr. Robinson's own allegations "admit[ ] the role the challenged searches here had no his criminal conviction—he would not have pleaded guilty had the searches not occurred—and his claim therefore attacks he validity of his guilty pleas." *Id.*, *quoting Heck* 512 U.S at 487 n. 7. Indeed, Mr. Robinson claims that "[a]s a direct result of the destruction of the evidence, the Plaintiff was compelled to entry into a guilty plea[.]" Complaint, ¶ 21. Thus, as Mr. Robinson's conviction has not been reversed, expunged, or otherwise declared invalid, his claims are barred.[11]

Mr. Robinson's claims alleging the destruction of evidence and/or the failure to preserve evidence stand on slightly different footing. First, the Defendants assume this claim is brought under the due process clause. *See Charron v. Cnty. of York*, 49 F.4th 608, 620 (1st Cir. 2022). That

---

[11] For the Court's convenience, the docket in 2133CR003566 *Commonwealth vs. Robinson, Sterling*, demonstrating that Mr. Robinson's charges have not been reversed, expunged, or otherwise invalidated, is attached hereto as Exhibit D. The Court may consider this document without converting this Motion into one under Fed. R. Civ. P. 56 for the same reasons as set forth in footnotes 3, 4, 5).

said, Mr. Robinson's due process claims are nonetheless barred under *Heck*. Plaintiff alleges that the allegedly deleted video recording "would demonstrate that (i) there was no constitutional basis to order the Plaintiff out of his vehicle, (ii) there was no constitutional basis to conduct a pat-frisk of the Plaintiff, and (iii) there was no basis to search the Plaintiff's vehicle." Complaint, ¶ 12. The complained-of searches revealed a firearm. *Id.* ¶ 13. Mr. Robinson pleaded guilty to firearms charges. *Id.* ¶¶ 21, 22. Thus, Mr. Robinson's due process claims based on the destruction of and/or failure to preserve evidence would, again, necessarily imply the invalidity of the underlying firearms conviction. *Cf. Davis v. Schifone*, 185 F. Supp. 2d 95, 101 (D. Mass. 2002) (holding due process claim based on theft of money did not imply invalidity of O.U.I. conviction, as plaintiff could be guilty of O.U.I. and still have his money stolen). Here, the same two things cannot be true. Plaintiff's allegations regarding the improper handling of evidence, which he believed to be exculpatory, is directly tied to Mr. Robinson's ultimate guilty plea to firearms charges. Therefore, *Heck* also bars the destruction of evidence and failure to preserve claims.

As for Mr. Robinson's claims that the NBPD filed false police reports and testified falsely during the motion to suppress and motion to dismiss hearings, those claims are also barred by *Heck*. First, multiple Courts have held that a civil claim arising out of false testimony is subject to the *Heck* bar. *See Hutchins v. Maine State Hous.*, No. 1:14-CV-00491-JAW, 2015 WL 2250672, at *4 (D. Me. May 13, 2015) (collecting cases). Moreover, as Mr. Robinson's claims are, essentially, based on the destruction and fabrication of evidence he alleges was exculpatory, his claims "necessarily implicate the validity of his conviction." *Echavarria v. Roach*, No. 16-CV-11118-ADB, 2017 WL 3928270, at *6 (D. Mass. Sept. 7, 2017) (concluding plaintiff's claims that defendants fabricated evidence and withheld exculpatory evidence fell within *Heck's* sphere). Mr. Robinson's claims are barred by *Heck*. *See Stote v. Bennett*, No. CIV. A. 02-30108-MAP, 2002

14

WL 32166533, at *3 (D. Mass. Sept. 10, 2003) (recommending dismissal of all claims *without prejudice* pending habeas determination, but concluding that claims alleging withholding of exculpatory evidence and provision of false testimony "clearly" alleged the invalidity of plaintiff's conviction).

For essentially the same reasons, *Heck* bars Mr. Robinson from bringing a MCRA claim based on roughly the same conduct. "While the holding of Heck applies only to civil-rights claims brought under § 1983, its reasoning appears to apply with equal weight to state-law claims." *Cabot,* 241 F. Supp. at 257. Here, Mr. Robinson's unlawful search and evidentiary claims under the MCRA are similarly barred under *Heck*, as are Mr. Robinson's negligence claims, his negligent training/supervision claims, and his negligent and/or intentional infliction of emotional distress claims, all of which are based on essentially the same conduct upon which Mr. Robinson's Section 1983 claim is based. *Mangual*, 285 F. Supp. 3d at 472 (concluding unlawful search claim, claim for violation of Massachusetts Privacy Act, conspiracy, and intentional infliction of emotional distress all barred by *Heck*).

C. **Mr. Robinson's Negligence And Negligent Infliction of Emotional Distress Claims Against Officer Soares and Officer Almeida Should be Dismissed Under G.L. c. 258, § 2.**

Count I alleges negligence against all defendants, including Officer Soares and Officer Almeida. *See* Complaint, Count I. Count III asserts a claim of negligent infliction of emotional distress. Both claims fail.

The Massachusetts Tort Claims Act ("MTCA") provides the exclusive remedy for "personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . . ." G.L. c. 258, § 2. Section 2 further states that no public employee "shall be liable for any injury or loss of property or

15

personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment . . . ." G.L. c. 258, § 2. "The MTCA categorically protects public employees acting within the scope of their employment from liability for 'personal injury or death' caused by their individual negligence." *Maraj v. Massachusetts*, 836 F. Supp. 2d 17, 31 (D. Mass. 2011). The individual Defendants were not acting outside of the scope of their employment at the time of the events in question, and Plaintiff's Amended Complaint does not allege factual allegations suggesting that they were. *See Doyle*, 104 Mass. App. Ct. at 765. Therefore, the individual Defendants are immune from suit and liability for the negligence-based theories of recovery asserted in Counts I and III of Mr. Robinson's complaint, and those counts should be dismissed. *Villanueva v. Franklin Cnty. Sheriff's Off.*, 849 F. Supp. 2d 186, 191 (D. Mass. 2012) ("[t]o the extent that Defendants are sued in their individual capacities, they cannot be held liable under the Massachusetts Tort Claims Act for negligent actions they took within the scope of their employment"). *See also Canales v. Gatzunis*, 979 F. Supp. 2d 164, 175 (D. Mass. 2013) (dismissing negligence claims against public employees based on MTCA immunity).

   D. **Mr. Robinson's Intentional Tort Claims Against New Bedford and the Individual Defendants in their Official Capacities Should be Dismissed Under G.L. c. 258, § 10(c).**

   As noted above, Mr. Robinson's Complaint is not clear as to whether he seeks to maintain a claim of intentional infliction of emotional distress. Assuming, for purposes of this motion that he does, Count IV nonetheless fails to state a claim upon which relief may be granted. Under the MTCA, public employers are immune for all intentional torts, including, as relevant here, "intentional mental distress." M.G.L. c. 258, § 10(c). Section 10(c) bars municipal liability for "any claim arising out of an intentional tort." *Hourihan v. Bitinas*, No. 16-CV-11734-ADB, 2018 WL 10246994, at *8 (D. Mass. June 27, 2018), *aff'd*, 811 F. App'x 11 (1st Cir. 2020), *citing Swanset*

16

*Dev. Corp. v. City of Taunton*, 423 Mass. 390, 396 (1996) (additional citation omitted).  "Bringing a claim against a Town employee in his or her official capacity equates to bringing a claim against the entity." *Saltzman v. Town of Hanson*, 935 F. Supp. 2d 328, 350 (D. Mass. 2013).  Accordingly, Count IV fails to state a claim against the City of New Bedford and Officer Soares and Officer Almeida, to the extent they are sued in their official capacities.  *See Watson v. Mita*, 396 F. Supp. 3d 220, 225 (D. Mass. 2019) (granting summary judgment to municipal defendants on malicious prosecution claim based on Section 10(c) immunity for intentional torts); *Wilmot v. Tracey*, 938 F. Supp. 2d 116, 143 (D. Mass. 2013) (holding plaintiff could not maintain claim of intentional infliction of emotional distress against the Department of Children and Families under Section 10(c) of the MTCA).  *See also Howcroft,* 51 Mass. App. Ct. at 596 (affirming dismissal, under M.G.L. c. 258, § 10(c), of intentional infliction of emotional distress claim against public employee sued in official capacity).

### E.  Mr. Robinson's Fails to Plead a *Monell* Violation Sufficient to Maintain a Section 1983 Claim Against the City.

Mr. Robinson's Section 1983 claim, to the extent it is asserted against the City, also fails to state a claim.  The Supreme Court's decision in *Monell v. Dept. of Soc. Servs. of the City of N.Y.* imposes a duty upon a plaintiff asserting a civil rights claim against a municipal entity to "show that the violation occurred as a result of the municipality's 'policy or custom.'"  *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013), *quoting* 436 U.S. 658, 691 (1978).  Devoid from Mr. Robinson's Complaint are any allegations that the City worked a denial of Mr. Robinson's Constitutional rights through the means of a "custom, policy, or practice of the City."  *See Mazza v. City of Bos.*, 780 F. Supp. 3d 325, 330 (D. Mass. 2025), *citing Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, (1978) (and others).  Therefore, Mr. Robinson's Section 1983 claim against the City should be dismissed.

## V.    CONCLUSION

For the reasons set forth herein, the Defendants respectfully request that this Honorable Court allow their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

The Defendants,
CITY OF NEW BEDFORD, NATHANIEL ALMEIDA, and TIMOTHY SOARES

By their attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109-4603
(617) 350-0950
mhamel@piercedavis.com

Dated:  January 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on January 23, 2026.

*/s/ Matthew J. Hamel*
Matthew J. Hamel