UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C.A. NO.: 1:25-cv-12984-RGS

STERLING ROBINSON, )
    Plaintiff, )
)
v. )
)
CITY OF NEW BEDFORD, NATHANIEL )
ALMEIDA AND TIMOTHY SOARES, )
    Defendants. )
)

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

#### BACKGROUND

Plaintiff, Sterling Robinson, brought the instant action against the defendants arising out of injuries he sustained as the result of the destruction of evidence by Nathaniel Almeida ("Almeida) and Timothy Soares ("Soares"), of the New Bedford Police Department ("NBPD"). . The Defendants filed a motion to dismiss the claims against the Defendants. Plaintiff submits this opposition to the Defendants' motion to dismiss.

### I. STATEMENT OF THE CASE:

Plaintiff's claims are summarized as follows:

Count I - Negligence against the named Defendants.

Count II - Negligent Training/Supervision against the City of New Bedford ("City").

Count III - Negligent Intentional Infliction of Emotional Distress against all Defendants.

Count IV - Intentional Infliction of Emotional Distress against all Defendants.

Count V - Violation of MCRA against all Defendants.

Count VII – Violation of 42 U.S.C. sec. 1983 against all Defendants.

## II. STANDARD OF REVIEW

In evaluating a motion to dismiss for failure to state a claim, this court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Additionally, "an adequate complaint must include not only a plausible claim but also a plausible defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011). "[E]ach defendant's role . . . must be sufficiently alleged to make him or her a plausible defendant. After all, '[the court] must determine whether, as to each defendant, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (quoting Sánchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009)) (emphasis in original).

As shall be discussed below, the Plaintiff has sufficiently detailed facts in support of his complaint such that the Defendants' Motion to Dismiss should be denied as it relates to the Plaintiff's claims.

III.     **ARGUMENT**

   A. **THE CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS AND ARE NOT BARRED BY HECK V. HUMPHREY.**

The Plaintiff's Complaint and underlying factual basis for his Complaint present a unique set of circumstances. In essence, the Plaintiff contends his action did not accrue until his criminal case in the New Bedford District Court resolved in his favor, as a direct result of the destruction of evidence of evidence. As is noted in the Defendants' Motion, Exhibit D is the New Bedford District Court docket history. In relevant part, the docket reflects that the Defendant was initially charged as follows:

   a. Count 1 – carrying a firearm without a license, in violation of M.G.L. ch. 269, sec. 10(a). As initially charged, the Plaintiff faced a potential mandatory minimum sentence of 18 months in the house of corrections. This resulted in a plea of guilty to a reduced charge of possession of a firearm without an FID card, under M.G.L. ch. 269, sec. 10(h), on February 23, 2024.

   b. Count 2 – possession of ammunition without an FID card, in violation of M.G.L. ch. 269, sec. 10(h)(1). This resulted in a plea of guilty on February 23, 2024.

   c. Count 3 – receiving stolen property under $1,200.00, in violation of M.G.L. ch. 266, sec. 60. This was dismissed on February 23, 2024.

   d. Count 4 – possession of a class D substance with intent to distribute, in violation of M.G.L. ch. 94C, sec. 32C(a). This resulted in a guilty – filed plea on February 23, 2024.

   e. Count 5 – Miscellaneous MV equipment violation, in violation of M.G.L. ch. 90, sec. 7. This resulted in a finding of not responsible on February 23, 2024.

    f. Count 6 – being not in a possession of a license, under M.G.L. ch. 90, sec. 11. This resulted in a finding of not responsible on February 23, 2024.

    g. Count 7 – a number plate violation, under M.G.L. ch. 90, sec. 6. This resulted in a finding of not responsible on February 23, 2024.

    h. Count 8 – carrying a loaded firearm without a license, under M.G.L. ch. 269, sec. 10(n). This was dismissed on February 23, 2024.

The Plaintiff litigated a motion to suppress and a motion to dismiss with respect to actions of the Defendants in the New Bedford District Court. It was not until January 26, 2024, that district court judge issued a decision on the motion to dismiss. It was that very decision that triggered that beginning of the statute of limitations calculations. That is because it was the decision of the district court that resulted in the dismissal of certain charges against the Plaintiff, and the reduction of Count 1 from the initial charge of unlawful possession of a firearm under M.G.L. ch. 269, sec. 10(a) – carrying a mandatory minimum day-for-day sentence of not less than 18 months – to the reduced charge of possession of a firearm without an FID card, under M.G.L. ch. 269, sec. 10(h), on 2/23/24. The sentence imposed on that plea 2 years in the house of corrections, with 9 months to serve deemed served, and the balance suspended for 2 years.

There is a special, and quite complicated, accrual rule, set out in *Heck v. Humphrey*, 512 U.S. 477 (1994), that applies where the plaintiff has a prior conviction whose validity might be implicated by a successful 42 U.S.C. sec. 1983 damages action. In such cases, the section 1983 claim does not accrue until the underlying conviction is overturned or vacated. In the case at hand, the dismissal of certain charges against the Plaintiff, and the significant reduction of the charge and mandatory minimum penalty in Count 1 of the criminal complaint, did not occur until February 23, 2024, shortly after the district court judge's decision implicating at least the

negligence of the Defendants. Thus, under *Heck*, the Plaintiff's claims did not accrue until February 23, 2024.

More recently, in <u>McDonough v. Smith</u>, 139 S. Ct. 2149 (2019), the Supreme Court ruled that a section 1983 due process claim of fabrication of evidence claim resulting in criminal prosecution and trial accrues when the plaintiff is acquitted on all charges. This is analogous to the Plaintiff's claims in the instant matter, where the dismissal of certain charges against the Plaintiff, and the significant reduction of the charge and mandatory minimum penalty in Count 1 of the criminal complaint, did not occur until February 23, 2024, shortly after the district court judge's decision implicating at least the negligence of the Defendants.

Further, in 2022, the Supreme Court held that a plaintiff's section 1983 Fourth Amendment malicious prosecution claim accrues when there is a favorable termination of the criminal charges against the plaintiff, even if that termination does not affirmatively demonstrate the plaintiff's innocence. <u>Thompson v. Clark</u>, 142 S. Ct. 1332 (2022). Again, this is analogous to the Plaintiff's claims against the Defendants. It was not until the Plaintiff's plea to reduced charged, and termination of the initial charge in Count 1 of the district court complaint, that the Plaintiff's cause of action accrued on February 23, 2024.

### B. THE INTENTIONAL TORTS AGAINST THE CITY AND THE INDIVIDUAL DEFENDANTS MUST NOT BE DISMISSED.

The Plaintiff agrees that the Massachusetts Tort Claims Act ("MTCA) applies to negligent conduct of a public employee committed within the scope of employment. The Plaintiff has alleged alternative theories against the individual defendants and the City.

One theory, that they acted negligently in the performance of their duties, provides a basis for liability against the City under the MTCA. Under the MTCA, the City, shall be liable

for injury or person injury caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his officer or employment, in the same manner and to the same extent as a private individual under the circumstances. Titus v. Town of Nantucket, 840 F.Supp.2d 404, 411 (D. Mass. 2011). Furthermore, a claim of negligent supervision and training may also state a claim for negligence. Titus v. Town of Nantucket, 840 F.Supp.2d 404, 411 (D. Mass. 2011).

As argued herein, the Plaintiff has alleged that the district court judge found that the destruction of evidence was at least negligent. As such, the destruction of video evidence is actional conduct under the MTCA – either as an intentional act or a negligent act. Under the circumstances, such conduct is sufficient to allow the Plaintiff's negligence claims against the City and the individual defendants to survive the motion to dismiss as it relates to Counts I through V.

Further, in the case of intentional torts, public employees may be held liable in their individual capacities. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985), and the public employer may be called upon to indemnify such an individual employee.

As it relates to Count IV and the intentional infliction of emotional distress claim against all Defendants, the individual officers may be liable in their individual and or official capacities. Wilber v. Curtis, 872 F.3d 15 (1st Cir. 2017).

### C. THE INDIVIDUAL DEFENDANTS ARE NOT IMMUNE FROM SUIT UNDER THE MTCA FOR NEGLIGENCE AND COUNTS II AND V SHOULD NOT BE DISMISSED.

One theory against the individual defendants is that they acted negligently in the performance of their duties, provides a basis for liability against the City under the MTCA. Under the MTCA, the City, shall be liable for injury or person injury caused by the

negligent or wrongful act or omission of any public employee while acting within the scope of his officer or employment, in the same manner and to the same extent as a private individual under the circumstances. Titus v. Town of Nantucket, 840 F.Supp.2d 404, 411 (D. Mass. 2011). Furthermore, a claim of negligent supervision and training may also state a claim for negligence. Titus v. Town of Nantucket, 840 F.Supp.2d 404, 411 (D. Mass. 2011).

The second theory is that the individual defendants' conduct was intentional. With regard to the MTCA, in the case of intentional torts, public employees may be held liable in their individual capacities. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985), and the public employer may be called upon to indemnify such an individual employee. In the instant matter, the claims against them individually based on their negligent actions or intentional actions must not be dismissed.

### D. THE PLAINTIFF CAN RECOVER AGAINST THE CITY AND THE INDIVIDUAL DEFENDANTS UNDER THE MTCA.

As noted above, with regard to the MTCA, in the case of intentional torts, public employees may be held liable in their individual capacities. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985), and the public employer may be called upon to indemnify such an individual employee. Accordingly, the claims against them based on their negligent actions or intentional actions must not be dismissed.

### E. PLAINTIFF'S CLAIMS ARE SUFFICIENT UNDER SECTION 1983.

The Plaintiff's Complaint sufficiently alleges a policy or custom under section 1983 such that a section 1983 claim against the City must survive the Defendants' motion to dismiss.

## IV. CONCLUSION:

Wherefore, based on the foregoing factual and legal arguments, as well as those to be raised at oral argument, the Plaintiff respectfully requests this Honorable Court deny the Defendants' Motion.

Sterling Robinson, Plaintiff
By his attorneys,

_____
James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: 1/31/26

## CERTIFICATE OF SERVICE

I certify that a copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

_____
James M. Caramanica