# EXHIBIT 1

| TENDER OF PLEA OR ADMISSION AND WAIVER OF RIGHTS | DOCKET NO. 2133 CR 003566 | Massachusetts Trial Court  |
|---|---|---|
| NAME OF DEFENDANT STERLING ROBINSON | | COURT DIVISION NEW BEDFORD |

## SECTION I — CONDITIONAL TENDER OF PLEA OR ADMISSION

[✓] Guilty Plea  [ ] Admission to Facts Sufficient for a Finding of Guilty  [ ] Binding Plea with Charge Concession Under Rule 12(b)(5)(A)

| Count No. | Defendant's Recommendation(s) (include all fees, costs, and conditions of probation) | Prosecutor's Recommendation(s) (required when Prosecutor disagrees with Defendant's recommendation(s)) | Judge's Disposition Upon rejecting a binding plea or non-binding recommendation |
|---|---|---|---|
| 1 | Reduced to 269, sec. 10(h). Guilty, 2 years HOC, 9 mos. committed and deemed served, bal. suspenced 2 years. | | |
| 2 | Guilty, 9 mos. HOC deemed served. | | |
| 3 and 8 | Dismissed. | | |
| 4 | Guilty, filed. | | |
| 5, 6, 7 | Not responsible. | | |

**SUSPENDED SENTENCES MAY BE IMPOSED FROM AND AFTER UPON A PROBATION VIOLATION UNLESS OTHERWISE NOTED**

ANY COUNT PLACED ON FILE may be removed from the file at any time and a sentence may be imposed (or be scheduled for trial if no guilty finding has been made): (1) at the defendant's request, or (2) if a related conviction or sentence is reversed or vacated, or (3) if it is shown by a preponderance of evidence that the defendant committed a new criminal offense, or (4) if it is shown by a preponderance of evidence that:

The prosecutor may not request that the charge be removed from the file after: ~~2/23/25~~  2/23/26  (date).

DIST. / MUN. CTS. R. CRIM P. 4(c) REQUIRES COUNSEL TO CONSULT WITH THE PROBATION DEPARTMENT REGARDING PROBATIONARY TERMS

| Signature of Defense Counsel or Pro Se Defendant | Date 2/23/24 | Signature of Prosecutor | Date 02/23/24 |
|---|---|---|---|

## SECTION II — JUDGE'S CERTIFICATION

[✓] The Court ACCEPTS the Defendant's tender.

[ ] The Court REJECTS the Defendant's tender. The defendant was informed on the record that if the court were to exceed the defendant's recommendation, the defendant would have the opportunity to withdraw the plea or admission. After having had an opportunity to consult with counsel the Defendant: [ ] WITHDRAWS the tendered plea or admission. [ ] ACCEPTS the judge's disposition.

[ ] Plea/admission was taken by videoconference. All parties were able to see and hear one another. I certify that I advised the defendant of their right to be physically present for this hearing and that the defendant knowingly, intelligently, and voluntarily waived that right after being so advised.

[ ] An interpreter was used during the colloquy and confirmed on the record that the Notice of Rights in Section III was translated to the defendant.

[✓] I addressed the defendant directly. I inquired into the defendant's education and background and am satisfied the defendant fully understands all of the rights set forth in Section III, and that the defendant is not under the influence of any substance that would impair the defendant's ability to fully understand those rights. I advised the defendant of the notices contained in Section III pursuant to G.L. c. 278, § 29D and Mass. R. Crim. P. 12. I find that the defendant has knowingly, intelligently, and voluntarily waived all the rights explained on the record and set forth in this form.

| Signature of Judge | Date 2/23/24 |
|---|---|

(Multi - BMC, DC) - Criminal - TC0031 (04/23)

| SECTION III | DEFENDANT'S RIGHTS AND NOTICES (Mass. R. Crim. P. 12 & G.L. c. 278, § 29D) |
|---|---|

A criminal defendant has the right to be tried by a jury, or by a judge without a jury, on these charges. The jury would consist of six jurors chosen at random from the community, and the defendant may participate in selecting those jurors, who would determine whether the defendant was guilty or not guilty. The jury's decision must be unanimous. By entering a plea of guilty or admission, the defendant waives the right to confront, cross-examine, and compel the attendance of witnesses; to present evidence in their defense; to remain silent and refuse to testify or provide evidence against themselves, all with the assistance of a defense attorney; and to be presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.

A criminal defendant has the right to be aware of (1) the nature and elements of the charge(s) to which they are entering a guilty plea or admission; (2) the range of the possible sentence(s); (3) that sentences may be imposed one after the other.

A plea of guilty or admission to the charges could trigger the provisions of the sex offender registration statute or commitment as a sexually dangerous person under G.L. c. 123A, §12.

If the defendant is not a citizen of the United States, the acceptance by the Court of a plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from or admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

For a charge to be placed on file, the defendant must freely and voluntarily consent to the filing of that charge on the conditions listed on the front of this form. A defendant has the right at any time to have the court remove it from the file and impose sentence (or schedule it for trial if no guilty finding has been made). The prosecutor may at any time until the date listed on the front of this form request the Court to remove it from the file and impose a sentence (or schedule it for trial if no guilty finding has been made) if a related conviction or sentence is reversed or vacated, or if the prosecutor proves by a preponderance of the evidence either that the defendant committed a new criminal offense, or that any other condition listed on the front of this form has occurred. If the charge is removed from the file and the defendant sentenced, it may result in additional punishment in this case.

| SECTION IV | DEFENSE COUNSEL'S CERTIFICATION |
|---|---|

I certify that I have explained to the defendant the legal rights and consequences referred to in the above Section III.

| Signature of Defense Counsel | BBO# | Date |
|---|---|---|
| X [signature] | 565882 | 2/23/24 |

| SECTION V | DEFENDANT'S ACKNOWLEDGEMENT |
|---|---|

[Note: A defendant's signature is not necessary to enter a valid guilty plea. Commonwealth v. Hubbard, 457 Mass. 24, 26 (2010). A written waiver cannot substitute for an oral colloquy; however, the defendant's signature on the tender of plea form is additional evidence of the voluntariness of the plea. Commonwealth v. Furr, 454 Mass. 101, 111 (2009).]

I understand all of my rights and notices described in SECTION III above. I am not now under the influence of any medication, drug (including marijuana), alcohol, or other substances that would interfere with my ability to fully understand the constitutional and statutory rights that I am waiving when I plead guilty or admit to sufficient facts.

I have decided to plead guilty, or admit to sufficient facts, freely and voluntarily.

| Signature of the Defendant | Date |
|---|---|
| X [signature] | 2/23/24 |

| SECTION VI | CONSULTATION WITH PROBATION SERVICE |
|---|---|

The parties have consulted with the Probation Service regarding the probationary terms set forth in this Tender of Plea or Admission and Waiver of Rights, as required by Dist./Mun. Cts. R. Crim. P. 4(c).

☐ Probation requests an opportunity to address the Court regarding the probationary terms set forth in this Tender of Plea or Admission and Waiver of Rights.

| Signature of CPO/ACPO/PO | Date |
|---|---|
| X [signature] | 2/23/24 |

(Multi - BMC, DC) - Criminal - TC0031 (04/23)